## W. E. & J. C. Delavigne v. F. A. Williamson.

The digging of ditches for the purpose of draining water from an adjoining property, the felling of trees, and the occasional cutting of wood on uncultivated land, are acts which do not necessarily partake of the character of detention, or intended occupancy.

The possession of a front tract of land held under a different title, as a distinct and separate property, cannot be considered as extending to a tract claimed under an alleged title from the United States, and subject to a reservation in favor of a third person.

APPEAL from the District Court, Fifth Judicial District, parish of Assumption, *Cole*, J. *Roman*, for plaintiffs. *J. C. & A. Beatty*, for defendant and appellant.

Lea, J. These suits which have been consolidated as involving the same issue, are in the nature of possessory actions, accompanied by claims for damages for trespass.

Notwithstanding the verdicts of two juries in favor of plaintiffs, we find the testimony in support of the plaintiffs' claims, assuming it to be true, wholly insufficient to support a possessory action. The acts of possession relied upon by the plaintiffs, cannot be considered as amounting to such a corporeal detention of the property claimed, as might serve as a basis of a subsequent civil possession. The digging of ditches for the purpose of draining the water from an adjoining property, the felling of trees, and the occasional cutting of wood on uncultivated land, are acts which do not necessarily partake of the character of detention, or of intended occupation. The only acts of this character disclosed by the evidence, are such as were exercised by the defendant himself, such as clearing a portion of the ground from which his employee appears to have been driven by acts which were sufficiently menacing to put him in bodily fear, and to effect, at least a temporary dispossession of the defendant. Moreover, the petitions do not allege, nor does the evidence disclose, the extent of the alleged usurpation by the defendant, so as to enable the court or jury to determine the limits of the property claimed by plaintiffs. As in the case of *Kitridge* v. *Hebert*, we think there was no actual possession by the plaintiffs of the portion claimed as forming a part of the back concession, and that the possession of the front tract, held under a different title as a distinct and separate property, cannot be considered as " extending to a tract claimed under an alleged title from the United States, and held subject to the reservation in favor of *De Deva's* claim." See Civil Code, Article 3400. *Kitridge* v. *Hebert*, 9 An. 154. 5 An. 594. 12 Martin, 17.

It is ordered, that the judgments appealed from be reversed; and that in the consolidated cases of *W. E. Delavigne* v. *F. A. Williamson*, and *J. C. Delavigne* v. *F. A. Williamson*, there be judgment for defendants; the plaintiffs and appellees paying costs in both courts.